IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BARRERO,            ) | |
| Plaintiff,     ) | No. C 06-5829 TEH (PR) |
| v.                                    ) | ORDER OF SERVICE |
| B. CURRY, Warden,           ) | |
| Defendant.    ) | |

Plaintiff, a prisoner at the Correctional Training Facility ("CTF") in Soledad, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated by a series of "race based" lock-downs at CTF between August 2005 and August 2006. Plaintiff has also filed a motion to proceed in forma pauperis, which is now GRANTED in a separate order filed simultaneously.

**DISCUSSION**

A.     Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however.

1   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

2       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
3   elements: (1) that a right secured by the Constitution or laws of the United States
4   was violated, and (2) that the alleged violation was committed by a person acting
5   under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

6   B.     Legal Claims

7       Plaintiff claims that Warden Curry has violated his rights by initiating
8   lock-downs at CTF which are based on race.  Liberally construed, Plaintiff's
9   allegations state a cognizable claim and will be served.  See Johnson v.
10  California, 543 U.S. 499, 530-31 (2005)

## CONCLUSION

12      For the foregoing reasons and for good cause shown,

13      1.    The Clerk shall issue summons and the United States Marshal shall
14  serve, without prepayment of fees, copies of the complaint in this matter, all
15  attachments thereto, and copies of this order on Defendant Curry at the
16  Correctional Training Facility in Soledad, California.  The Clerk also shall serve
17  a copy of this order on Plaintiff.

18        2.    In order to expedite the resolution of this case, the court
19  orders as follows:

20        a.    No later than 90 days from the date of this order, Defendants
21  shall file a motion for summary judgment or other dispositive motion.  A motion
22  for summary judgment shall be supported by adequate factual documentation and
23  shall conform in all respects to Federal Rule of Civil Procedure 56, and shall
24  include as exhibits all records and incident reports stemming from the events at
25  issue.  If Defendants are of the opinion that this case cannot be resolved by
26  summary judgment or other dispositive motion, they shall so inform the Court

prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

      b.     Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after Defendants serve Plaintiff with the motion.

      c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the

1 | defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120
2 | n.14 (9th Cir. 2003).
3 |        d.      Defendants shall file a reply brief within 15 days of the date
4 | on which Plaintiff serves them with the opposition.
5 |        e.      The motion shall be deemed submitted as of the date the
6 | reply brief is due.  No hearing will be held on the motion unless the court so
7 | orders at a later date.
8 |     3.    Discovery may be taken in accordance with the Federal Rules of
9 | Civil Procedure.  No further court order is required before the parties may
10 | conduct discovery.
11 |     4.    All communications by Plaintiff with the court must be served on
12 | Defendants, or Defendants' counsel once counsel has been designated, by mailing
13 | a true copy of the document to defendants or defendants' counsel.
14 |     5.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must
15 | keep the court and all parties informed of any change of address and must comply
16 | with the Court's orders in a timely fashion.  Failure to do so may result in the
17 | dismissal of this action under Federal Rule of Civil Procedure 41(b).
18 | SO ORDERED.
19 |
20 | DATED: 04/09/07
21 | THELTON E. HENDERSON
    | United States District Judge

4