IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD BARRERO,                              No. C-06-5829 TEH (PR)

        Plaintiff,                   ORDER OF SERVICE

    v.

BEN CURRY, Warden,

        Defendant.

_____/

       Plaintiff, a prisoner at the Correctional Training Facility ("CTF") in Soledad, California, has filed a pro se civil rights First Amended Complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated by a series of "race based" lock-downs at CTF.  Doc. #23.  Specifically, Plaintiff alleges that he has been classified as a "Southern Mexican" by the California Department of Corrections and Rehabilitation ("CDCR") and that CTF engaged in "race based" lock-downs "between August 2005 and August 2006" and "presently continue to do so."  Id. at 3.  Plaintiff adds, "racial profiling during lock-downs is constitutionally suspect because it places preferential treatment on one ethnic group over

another.  Id.

## II

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

## III

Plaintiff, classified by CDCR as a "Southern Mexican," claims that CTF Warden Ben Curry has violated his rights by initiating lock-downs that are based on race.  Liberally construed, Plaintiff's allegations appear to state a cognizable claim under § 1983 and CTF Warden Ben Curry will be served.  See Johnson v. California, 543 U.S. 499, 508-09 (2005) (unwritten prison policy of

2

segregating prisoners based on race subject to strict scrutiny standards such that prison must demonstrate policy is narrowly tailored to serve a compelling state interest).

## IV

For the foregoing reasons and for good cause shown:

1.  The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the First Amended Complaint in this matter, all attachments thereto, and copies of this Order, on CTF Warden Ben Curry.  All other parties named as Defendants are DISMISSED.  The Clerk also shall serve a copy of this Order on Plaintiff.

2.  In order to expedite the resolution of this case, the Court orders as follows:

   a.  No later than 90 days from the date of this Order, Defendant shall file a Motion for Summary Judgment or other dispositive motion.  A Motion for Summary Judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, he shall so inform the Court prior to the date his motion is due.  All papers filed with the Court shall be served promptly on Plaintiff.

   b.  Plaintiff's Opposition to the dispositive motion shall be filed with the Court and served upon Defendant no later

3

1 than 30 days after Defendant serves Plaintiff with the motion.

2     c.  Plaintiff is advised that a Motion for Summary
3 Judgment under Rule 56 of the Federal Rules of Civil Procedure will,
4 if granted, end your case.  Rule 56 tells you what you must do in
5 order to oppose a motion for summary judgment.  Generally, summary
6 judgment must be granted when there is no genuine issue of material
7 fact - that is, if there is no real dispute about any fact that
8 would affect the result of your case, the party who asked for
9 summary judgment is entitled to judgment as a matter of law, which
10 will end your case.  When a party you are suing makes a Motion for
11 Summary Judgment that is properly supported by declarations (or
12 other sworn testimony), you cannot simply rely on what your
13 Complaint says.  Instead, you must set out specific facts in
14 declarations, depositions, answers to interrogatories, or
15 authenticated documents, as provided in Rule 56(e), that contradict
16 the facts shown in Defendant's declarations and documents and show
17 that there is a genuine issue of material fact for trial.  If you do
18 not submit your own evidence in opposition, summary judgment, if
19 appropriate, may be entered against you.  If summary judgment is
20 granted, your case will be dismissed and there will be no trial.
21 <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App
22 A).

23   Plaintiff also is advised that a Motion to Dismiss for
24 failure to exhaust administrative remedies under 42 U.S.C. §
25 1997e(a) will, if granted, end your case, albeit without prejudice.
26 You must "develop a record" and present it in your opposition in

4

order to dispute any "factual record" presented by the Defendant in his Motion to Dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        d.   Defendant shall file a Reply Brief within 15 days of the date on which Plaintiff serves him with the Opposition.

        e.   The motion shall be deemed submitted as of the date the Reply Brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

    3.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

    4.   All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

//
//
//
//
//
//
//
//
//
//
//

5

5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED   04/24/09

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.06\Barrero-06-5829.order of service after FAC.wpd

6